F. W. SPEARS, ET AL., *v.* W. R. TAYLOR, ET AL.

**Appeals from County Court.**
> It is not required in taking an appeal to the circuit court from the county court that appellant shall file the original papers with the clerk, and copies of the orders of the county court.

**Requirements in Appeal.**
> It is necessary, in taking an appeal to the circuit court from the county court, to file a certified copy of the judgment and amount of costs, and cause the proper appeal bond to be executed, and thereupon the clerk will issue an order to the lower court to stay proceedings and to transmit to the clerk's office all the original papers in the case.

APPEAL FROM ANDERSON CIRCUIT COURT.

December 13, 1876.

OPINION BY JUDGE LINDSAY:

Section 22 of the Civil Code of Practice does not require that

the appellants, who prosecuted an appeal to the circuit court from a judgment of the county court, shall file with the clerk of the circuit court the original papers and copies of the orders of the county court.

Section 847 provides that the appeal shall be prosecuted from the judgment of a quarterly court, or the court of a justice of the peace, by filing with the clerk of the court to which the appeal is taken a certified copy of the judgment and amount of costs, and causing the proper appeal bond to be executed; and thereupon the clerk shall issue an order to the lower court to stay proceedings, and to transmit to the office of said clerk all the original papers of the case. An appeal from a county court is to be prosecuted in the same manner except that in will cases it is not necessary that a bond shall be executed. The appellant must file a copy of the final order of the county court, with the names of the appellants and appellees, and the clerk is bound to issue the necessary orders to the clerk of the county court. Secs. 20. 22, 23, 847, 848, Civil Code; *Jones v. Jones,* 3 Met. 266.

The appellants in this case complied substantially with the requirements of the law, and their appeal ought not to have been dismissed. It is clearly within the power of the circuit court to obtain possession of the original paper alleged to be the last will and testament of the decedent, Taylor, and also to compel the clerk of the county court to file a complete transcript of the proceedings in the county court. In fact it seems from the record that the original paper and a complete transcript were in the case when the appeal was dismissed.

Judgment *reversed* and cause remanded for a trial of the issue of "will or no will."

*J. J. Felix, T. C. Bell, Thompsons, for appellants.*